UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN W. GELISH,

                          Plaintiff,

            -against-

RETRO PREDECESSORS USA GOVERNMENT
AND PRESENT USA PRESIDENT JOSEPH
BIDEN ADMINISTRATION AND
GOVERNMENT, *et al.*,

                          Defendants.

23-CV-10969 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Steven Gelish, who is proceeding *pro se*, brings this action under 42 U.S.C.

§ 1983, alleging that Defendants violated his rights. By order dated December 21, 2023, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days'

leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against several defendants, asserting various claims regarding his hospitalization at Defendant Creedmoor Psychiatric Center ("Creedmoor"). The Defendants include:

1.  "Retro Predecessors USA Government," which the Court understands to be the United States; President Joseph Biden; Christopher Way, of the Federal Bureau of Investigations; Christopher Schroeder, of the U.S. Department of Justice ("DOJ"), Office of Legal Counsel; Michael Horowitz, DOJ Inspector General; the U.S. Food and Drug Administration ("FDA"); FDA Ombudsman; and the Surgeon General Vivek Murthy ("Federal Defendants")

2.  New York State Governor Kathy Hochul; New York State Attorney General Letitia James; and Dr. Ann Marie Sullivan, of the New York State Office of Mental Health ("OMH") ("New York State Defendants")

3.  New York City Police Department ("NYPD")

4.  New York City Department of Health Commissioner Ashwin Vasan

5.  Martha Adams Sullivan, Director at Creedmoor, an OMH hospital

6.  Dr. Myra Recon-Bucevic of Queens Village Jamaica Wellness and Recovery Center ("Recovery Center")

7.  NOVA Italini Boston at WGBH

The following facts are drawn from the complaint.[1] From 2014 to 2017, Plaintiff was detained at Creedmoor, following an evaluation under Article 730 of the New York Criminal Procedure Law. During this detention, Plaintiff

> was diagnosed with bipolar disorder depression and burnout-exhaustion, which it was true due to my Mother's euthanized passing; but they said I was hearing

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

voices and so they diagnosed me with schizophrenia, whereof I never said I was hearing voices, so how can they hear or read what[ ] [i]s in my mind to diagnose.

(ECF 1, at 8.) Plaintiff contends that this detention

was and still is a artificial realm production cover up attempt to defraud me of the underlisted Article 1, Section 8, Clause 8, of the United States Constitution by way of the DEFENDANT's symbiotic terminal cancer government entity war combatants enterprise corruption foreign terrorists organization's systemized obfuscated intangible transparency instruments of a co-existing United States Government[.]

(*Id.* at 9.) Plaintiff asserts generally that Defendants violated his civil rights and committed medical malpractice during his detention at Creedmoor. He also asserts a breach of contract claim, contending that the United States government breached its constitutional obligation to "promote the general welfare" of its citizens.

Plaintiff seeks $12,000,000,000.00 in compensatory damages.

## DISCUSSION

### A.    Claims Against the Federal Defendants

Plaintiff asserts claims seeking money damages from the Federal Defendants. Plaintiff's claims for damages against these defendants must be dismissed as barred by sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court dismisses Plaintiff's claims against the United States, President Biden, Christopher Way, Christopher Schroeder, Michael Horowitz, the FDA, the FDA Ombudsman, and Vivek Murthy as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B.      **Claims Against the New York State Defendants**

Plaintiff asserts claims seeking money damages from the New York State Defendants. Plaintiff's claims for damages against these defendants must be dismissed as barred under the Eleventh Amendment.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's Section 1983 claims against Governor Hochul, Attorney General James, and Dr. Sullivan are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

C.      **Claims Against Commissioner Vasan**

Plaintiff does not plead any facts suggesting the personal involvement of Commissioner Vasan in the violation of his rights. To state a claim under Section 1983, Plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Because Plaintiff does not allege any facts showing how Commissioner Vasan was personally involved in any conduct involving Plaintiff, his claims against this Defendant are

dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C.

§ 1915(e)(2)(B)(ii), with 30 days' leave to replead, as discussed below in the Order to Amend

section.

### D.      Claims Against the NYPD

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of

New York is not an entity that can be sued. Any claims regarding such an entity must be asserted

against the City of New York.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings

for the recovery of penalties for the violation of any law shall be brought in the name of the city

of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins

v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*,

740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a

municipal agency.").

Ordinarily, the Court would construe the claims brought against the NYPD as brought

against the City of New York, but because Plaintiff does not allege any facts suggesting that an

NYPD officer violated his constitutional rights, the Court declines to construe the complaint as

brought against the City of New York. These claims are therefore dismissed for failure to state a

claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As discussed below,

the Court grants Plaintiff 30 days' leave to state facts in support of any claim he seeks to assert

against the City of New York. Should he seek relief against the City of New York, Plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of his constitutional rights. *See Jones v. Town of

East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520

U.S. 397, 403 (1997) (internal citations omitted).

E.     **Claims Against NOVA Italini Boston at WGBH**

Plaintiff appears to be suing the public television program, NOVA, and Boston,

Massachusetts's public broadcaster, WGBH. These entities cannot be sued under Section 1983,

because WGBH is a private entity and there is no basis in the record for concluding that NOVA

is anything other than a privately-produced program. *F.C.C. v. League of Women Voters of Cal.*,

468 U.S. 364, 370 (1984) ("PBS is a private, nonprofit membership corporation governed by a

Board of Directors elected by its membership, which consists of the licensees of noncommercial,

educational television stations located throughout the United States."). To state a claim under

Section 1983, Plaintiff must allege that his constitutional right was violated by a person acting

under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As

NOVA and WGBH are not state actors, Plaintiff cannot state a claim against this Defendant, and

the claims against it are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

F.     **Claims Against Creedmoor Director Sullivan and Recovery Center Director Recon-
       Bucevic**

Plaintiff does not assert any facts regarding the personal involvement of the Directors at

Creedmoor and Recovery Center, which are both located in Queens County, New York. The

claims against these two defendants are dismissed for failure to state a claim. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii). The Court declines to grant Plaintiff leave to replead these claims, however,

because this District does not appear to be a proper venue to bring claims against these two

Defendants, as the events giving rise to such claims would have occurred in Queens County,

which is part of the Eastern District of New York. *See* 28 U.S.C. § 1391(b).[2] Accordingly, the

---

[2] Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a

Court dismisses these claims without prejudice to Plaintiff's seeking relief against these two defendants in the proper venue.[3]

## G.      Supplemental Jurisdiction of State Law Claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[3] The Southern District of New York includes the following counties: New York, Bronx, Westchester, Putnam, Dutchess, Orange, Rockland, and Sullivan; the Eastern District of New York includes the following counties: Queens, Kings (Brooklyn), Richmond, Nassau, and Suffolk. 28 U.S.C. § 112.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against the City of New York and/or Commissioner Vasan, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims against these two Defendants.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead his claims against the City of New York and Commissioner Vasan.

The Court declines to exercise supplemental jurisdiction of any state law claims. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:   February 26, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge